UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO MIGUEL FREEMAN,

        Plaintiff,                  Case No. 1:25-cv-1034

v.                                       Honorable Ray Kent

UNKNOWN VANDERWEIL,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint in the United States District Court for the Eastern District of Michigan. In an order (ECF No. 6) entered on August 29, 2025, the Eastern District transferred the action to this Court for further proceedings.

The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under

the PLRA, in the same way he is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claim regarding violation of MDOC policy as well as his official capacity claim, for failure to state a claim. Plaintiff's personal capacity Eighth Amendment claim against Defendant Vanderweil remains in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Muskegon Correctional Facility (MCF)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

in Muskegon, Muskegon County, Michigan. Plaintiff sues Corrections Officer Vanderweil in his official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on February 7, 2025, he was "looking out of the window of the front door of [his] housing unit." (*Id.*, PageID.6–7.) Plaintiff noticed someone standing behind him, and turned around to see Defendant Vanderweil. (*Id.*, PageID.7.) Defendant Vanderweil was "pointing his taser inches from [Plaintiff's] face." (*Id.*) Defendant Vanderweil "then said 'bang' before holstering his weapon and turning around and returning to the officers['] desk." (*Id.*)

Plaintiff states that as a result of Defendant Vanderweil's "willful infliction of mental distress[s]," he has increased nightmares, which have caused a decline in his mental health. (*Id.*, PageID.8.) Plaintiff was prescribed a new medication to help with the nightmares. (*Id.*) According to Plaintiff, Defendant Vanderweil knew that Plaintiff suffered from PTSD after being shot multiple times, but still chose to scare Plaintiff with the taser. (*Id.*)

Based on the foregoing, Plaintiff asserts an Eighth Amendment claim, as well as a claim alleging a violation of MDOC policy. (*Id.*, PageID.4–5.) Plaintiff seeks $300,000.00 in damages. (*Id.*, PageID.8.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As set forth above, Plaintiff asserts an Eighth Amendment claim, as well as a claim alleging a violation of MDOC policy. (Compl., ECF No. 1, PageID.4–5.)

### A.     Official Capacity Claims

Plaintiff sues Defendant Vanderweil in his official and personal capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment

immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks only damages. (Compl., ECF No. 1, PageID.8) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Similarly, Plaintiff may not seek monetary damages against Defendant Vanderweil in his official capacity. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, the Court will dismiss Plaintiff's official capacity claim for money damages.

### B.    Personal Capacity Claims

#### 1.    Eighth Amendment

Plaintiff contends that by pointing a taser at Plaintiff's face and saying "bang," Defendant Vanderweil violated Plaintiff's Eighth Amendment right "not to be treated cruelly and inhumanely." (Compl., ECF No. 1, PageID.4.) The Court construes Plaintiff's complaint to assert an Eighth Amendment excessive force claim against Defendant Vanderweil.

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions

of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by

7

the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

With respect to use of a taser on an inmate, an officer's failure to comply with training alone—while perhaps negligent—does not state an Eighth Amendment claim. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986). Moreover, prisons and prison officials have a legitimate interest in maintaining security, order, and in having prisoners obey orders. *Bell v. Wolfish*, 441 U.S. 520, 560 (1979); *Caldwell v. Moore*, 968 F.2d 595, 599–601 (6th Cir. 1992). "Corrections officers do not violate a prisoner's Eighth Amendment rights when they apply force 'in a good-faith effort to maintain or restore discipline.'" *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). A prison official's use of a taser to maintain security and order, such as the use of a taser upon responding to a physical fight between prisoners, does not, on its own, state an Eighth Amendment claim. *See, e.g.*, *Caldwell*, 968 F.2d at 600–02 (collecting cases) (holding that the use of a stun gun on a disruptive prisoner to restore order and discipline was not an Eighth Amendment violation); *Jasper v. Thalacker*, 999 F.2d 353, 354 (8th Cir. 1993) (concluding that the use of a stun gun to subdue a noncompliant prisoner did not violate the Eighth Amendment when the prisoner failed to show that the officers used it "maliciously and sadistically to cause harm" (citation omitted)); *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988) (upholding use of a taser on a prisoner for failure to comply with a strip search); *Gresham v. Steward*, No. 13-10189, 2014 WL 4231295, at *9–10 (E.D. Mich. Aug. 27, 2014) (finding that the use of a taser on a prisoner who refused to stop punching another prisoner even after ordered to do so was not excessive given the defendant's

"interest in the threat posed by the altercation to other inmates, prison workers, administrators, and visitors" (citation omitted)).

Here, however, Plaintiff does not allege that Defendant Vanderweil deployed the taser, but instead that Defendant Vanderweil pointed his taser at Plaintiff's face and said "bang." The Sixth Circuit has "never found that pointing a taser, as opposed to actually discharging one, constitutes the use of excessive force." *Evans v. Plummer*, 687 F. App'x 434, 442 (6th Cir. 2017) (rejecting the claim in the context of the less-demanding Fourth Amendment claim concerning excessive force during arrest); *Guilford v. Frost*, 269 F. Supp. 3d 816, 829 (W.D. Mich. 2017) (another Fourth Amendment case); *see also Salvodon v. Ricotta*, No. 07-CV-174 (ENV)(LB), 2013 WL 3816728, at *6 (E.D.N.Y. July 22, 2013) (no claim stated based on threatened use of taser alone); *Noe v. West Virginia*, No. 3:10-CV-38 (BAILEY), 2010 WL 3025561, at *7 (N.D. W. Va. July 29, 2010) (merely pointing a taser cannot support a claim for excessive force). While some courts have held that the threat to use a taser combined with the pointing of a taser can violate a prisoner's rights under the Eighth Amendment, such conduct can only amount to a violation if done with a solely malicious purpose, such as to instill gratuitous fear. *See Parker v. Asher*, 701 F. Supp. 192, 194 (D. Nev. 1988) (citing *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (holding that taser guns were not per se unconstitutional in the prison context if "used to enforce compliance with [an order] that had a reasonable security purpose"); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (disallowing the pointing of tasers for a strictly malicious purpose of inflicting gratuitous fear)).

Here, Plaintiff's complaint is devoid of any allegations suggesting that Defendant Vanderweil pointed the taser in an attempt to ensure Plaintiff's compliance with an order. Instead, Plaintiff alleges that Defendant Vanderweil pointed the taser at Plaintiff's face and said "bang"

9

despite knowing that Plaintiff suffers from PTSD from being shot multiple times. In light of these allegations, Plaintiff has sufficiently alleged facts suggesting that Defendant Vanderweil pointed his taser at Plaintiff for the sole purpose of inflicting gratuitous fear. Accordingly, the Court will not dismiss Plaintiff's personal capacity Eighth Amendment claim against Defendant Vanderweil on initial review.

### 2. Violation of MDOC Policy

Plaintiff also contends that Defendant Vanderweil violated MDOC policy by pointing his taser at Plaintiff's face and saying "bang." (Compl., ECF No. 1, PageID.5.)

As an initial matter, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendant Vanderweil violated the MDOC's policies fails to state a claim under § 1983.

Additionally, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim*, 461 U.S. at 250; *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendant Vanderweil violated prison policy fails to raise a cognizable federal claim.

Accordingly, Plaintiff's § 1983 claim regarding an alleged violations of the MDOC's policies will be dismissed for failure to state a claim.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Moreover, having conducted the review required by the PLRA, the Court determines that Plaintiff's claim regarding violation of MDOC policy, as well as his official capacity claim, will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's personal capacity Eighth Amendment claim against Defendant Vanderweil remains in the case.

An order consistent with this opinion will be entered.

Dated:   September 24, 2025               /s/ Ray Kent
                                          Ray Kent
                                          United States Magistrate Judge